UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 28 P 3:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

DENISE FERNANDES
    Plaintiff,

v.

G&K SERVICES
    Defendant.

Civil Action No.
**05-10389 MEL**
NOTICE OF REMOVAL

RECEIPT # _____
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. M.R.
DATE 2/28/05

TO:   The Honorable Judges of the
United States District Court
District of Massachusetts

*MAGISTRATE JUDGE*

Petitioner, G&K Services[1] (hereinafter "Defendant" or "G&K"), Defendant in the above entitled action, states:

1.    Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Bristol County, Taunton, Massachusetts, in which said cause is now pending under the name and style, *Denise Fernandes, Plaintiff v. G&K Services, Defendant*, Civil Action No. BRCV 2005-00083B. Defendant G&K Services was served a Summons and a copy of a Complaint in this action on or about February 7, 2005. A copy of the Summons, Complaint, and Cover Sheet are attached hereto as Exhibit A. No other papers were served in this matter.

---

[1] Plaintiff has incorrectly named G&K Services, Inc. as G&K Services.

1

2.  The above described action is one of which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

   a. <u>Diversity of Citizenship:</u> The parties to this action are citizens of different states, and accordingly, there is diversity of citizenship.

      i. Plaintiff Denise Fernandes is an individual resident of the State of Massachusetts. *See* Complaint at ¶ 1.

      ii. Defendant G&K Services is a Minnesota Corporation with its principal place of business in Minnesota.

   b. <u>Amount in Controversy:</u> The amount in controversy in this action is $100,000, exclusive of interest, fees, and costs which exceeds the monetary threshold of $75,000 as set forth under 42 U.S.C. § 1332(a). *See* Complaint at cover sheet.

3.  Defendant is filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4.  Defendant will file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Bristol County, 9 Court Street, Taunton, Massachusetts 02780, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

5.  Defendant will serve written Notice to Opposing Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

WHEREFORE, Defendant G&K Services prays that the above action now pending

against it in the Superior Court for Bristol County, Taunton, Massachusetts be removed therefrom to this Court.

Respectfully submitted,

G&K SERVICES,

By its attorneys

_____
Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28th, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28th day of February 2005.

_____
Leah M. Moore

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Fernandes v. G&K Services__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
    
    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

    **05 10389 MEL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Leah M. Moore__
ADDRESS __Morgan, Brown & Joy, LLP, 200 State Street, 11th Floor, Boston, MA 02109__
TELEPHONE NO. __617-523-6666__

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Denise Fernandes

**DEFENDANTS**
G&K Services

**(b)** County of Residence of First Listed Plaintiff  **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Minnesota**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10389-MEL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David R. Ardito, Bates Bldg., Suite 215A, 7 N. Main St. Attleboro, MA 02703/508-431-2222

Attorneys (If Known) Lawrence J. Donoghue, Leah M. Moore Morgan, Brown & Joy 200 State Street, 11th Fl., Boston, MA 02108; 617-523-6666

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1441 et. seq.
Brief description of cause:
employment discrimination - sexual harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION
No. BRCV 2005-00083 B

_Denise Fernandes_____, Plaintiff(s)

v.

_G & K Services_____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
  PLEASE INDICATE TYPE OF ACTION INVOLVED : —X
  TORT — MOTOR VEHICLE TORT — CONTRACT —
  EQUITABLE RELIEF — OTHER.)

### SUMMONS

To the Above-Named Defendant:

You are hereby summoned and required to serve upon _David R. Ardito_____

plaintiff's attorney, whose address is _1 North Main St., Suite 215A, Attl'c., MA 02703_

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at _Taunton_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court, Dept. of the Trial Court, at Taunton, the _27th_____ day of _January_____, in the year of our Lord two thousand and _five_____.

A TRUE ATTESTED COPY
BRISTOL COUNTY DEPUTY SHERIFF

_Magistrate_

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

County of Bristol
**The Superior Court**

CIVIL DOCKET# BRCV2005-00083-B

RE: Fernandes v G & K Services

TO: David R Ardito, Esquire
Bates Bldg.
7 North Main Street, Suite 215A
Attleboro, MA 02703-3534

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/25/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/24/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/24/2005 |
| All motions under MRCP 15 filed | 06/24/2005 |
| All discovery requests and depositions completed | 11/21/2005 |
| All motions under MRCP 56 served and heard | 12/21/2005 |
| Final pre-trial conference held and firm trial date set | 01/20/2006 |
| Case disposed | 03/21/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 2 (Fall River) at Bristol Superior Court.

Dated: 01/25/2005

Marc J. Santos
Clerk of the Courts

BY: Joseph T. Vincent / Peter R. Andrade
Assistant Clerk

Location: CtRm 2 (Fall River)
Telephone: (508) 672-4464

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtrad_2.wpd 435024 trdoc01 aguiarka

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.

TAUNTON DIVISION

DENISE FERNANDES,
    Plaintiff,

v

G & K SERVICES,
    Defendant.

C.A. NO: BRCV 2005-00083-B

## COMPLAINT

1. The Plaintiff, Denise Fernandes, is an individual, residing at 48 Lexington Avenue, Attleboro, Massachusetts in Bristol County.

2. The Defendant, G & K Services, is upon information and belief, a corporation duly organized and existing under the laws of the state of Minnesota with a regional office located at 21 Chestnut Street in North Attleboro, Massachusetts 02760.

## COUNT I

3. On or about April 19th, 1999, the Plaintiff was hired by the Defendant, G & K Services as an office manager.

4. The Plaintiff's starting salary was $34,000.00 per year and at the time that the Plaintiff vacated the position, the Plaintiff's salary had been increased to $40,000.00 per year.

5. The Plaintiff had an excellent record of outstanding loyalty and dedication to the employer.

6. On or about July 2001, the Plaintiff telephoned the Defendant's Human Resource Representative to place a complaint against a plant manager for violating the sexual harassment policy.

7. The Plaintiff complained that the Plant Manager was asking new applicants, who he was in the process of hiring, out on a date.

8. The Plaintiff alleges that the Plant manager's behavior continued even though the Plaintiff was promised that the General Manager would address the issue.

9. It became public knowledge that the Plant Manager would still comment about female employees and whenever possible, the Plant Manager would try to ask them out on dates.

10. On one occasion, the Plant Manager asked a male employee to translate to a non-English speaking woman that he wanted to have a date with her. This was done in the presence of the Plaintiff and when the Plaintiff complained about the Plant Manager's behavior, nothing was done.

11. On or about August 2001, the Plaintiff called the Regional Human Resource office with yet another complaint about how women were being treated and how the Defendant's own sexual harassment policy was being violated by the Plant Manager and some other male workers.

12. On or about August 2001, the Plaintiff began to notice that a hostile environment in the workplace existed from the Plant Manager and other male co-workers. The Plaintiff alleges that this was the response to the Complaints that the Plaintiff made.

13. On or about August 2001, the Plaintiff, while attempting to speak to the Plant Manager, became the subject of unwelcome sexual remarks and actions made by male co-workers and the Plant Manager and nothing was done to stop the harassment.

14. On or about August 2001, while in the presence of the Plant Manager, the Plaintiff was whistled at by a male employee. As the Plaintiff attempted to walk away, several other male employees joined in by surrounding the Plaintiff and whistling at the Plaintiff while looking up and down. The Plant Manager did nothing to stop the behavior.

15. On or about the middle of August 2001, the plaintiff complained another time to the Regional Office about the sexual behavior and that one of the male Plant Personnel had referred to two of its female office persons as 'baby'. Further, the Plaintiff added that all of the sexual harassment in the Plant was unwelcome and violated the Plant Policy. The Plaintiff was never asked to attend any meetings and the whistling continued and the Plant Manager never reprimanded anyone.

16. On or about September 2001, the Plant Engineer notified the Plaintiff of an embarrassing incident that had sexual overtones, which was not welcome by the Plaintiff.

17. On or about September 2001, it was reported to the Plaintiff that the Plant Manager was called by the Plant Engineer to interview a female applicant. The Plant Supervisor was reported as asking on a two-way radio if the applicant had a boyfriend. The applicant had heard this comment and the Plaintiff once again complained to the Regional Office.

18. On or about October 2001, the Plaintiff called the Regional Office to see if they were going to resolve the problem of continued sexual harassment in the workplace; however, nothing was done.

19. On or about October 2001, during a telephone call from the Plaintiff to the Regional Office, it became clear that they did not wan to hear from the Plaintiff about the Complaints of sexual harassment any more.

20. On or about October 2001, the Plaintiff would no longer work under the conditions that were forced upon the Plaintiff. The Plaintiff was forced to leave the position with the Defendant due to the continued sexual harassment.

## COUNT II

21. The Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this complaint as set forth in full herein.

22. The Defendant, after being advised of sexual harassment, verbal abuse and the hostile working environment created by their agents, continued to allow their agent to act in this abusive manner.

23. The Plaintiff is a woman and as such she belongs to a protective class.

24. The Plaintiff was subject to unwelcome whistling, sexual comments being made in her presence, and the eying up and down in the presence of Management.

25. The harassment was based on sex.

26. The harassment affected a term condition or privilege of employment.

27. The employer knew of the harassment through the Plaintiff's complaints and failed to take prompt remedial actions.

28. The Plaintiff remained ready, willing and able to perform all duties under employment with the Defendant.

29. By the above conduct, the Defendant engaged in sexual harassment in the work place in violation of *M.G.L. Chapter 151B.*

WHEREFORE, the Plaintiff respectfully prays this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

1. Issue a declaratory judgement that the Defendant's acts polices, practices and procedures complained of herein, violated the Plaintiff's rights.

2. Order the Defendant to make the Plaintiff whole by ordering damages for loss of income and loss of fringe benefits.

3. Award damages for sexual harassment against the employer.

4. Order such other and further relief that this Court deems just and proper.

Dated: January 21, 2005

>Respectfully submitted,
>DENISE FERNANDES,
>By and through her attorney,
>
>*/s/ David Ardito*
>David R. Ardito, Esq.
>Bates Building, Suite 215A
>7 North Main Street
>Attleboro, MA 02703
>508-431-2222
>BBO# 630025

| COVER SHEET | County: Bristol |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Denise Fernandes | G + K Services |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 1-508-431-2222 | ATTORNEY (if known) |
| David R. Ardito | |
| 7 North Main St., Suite 215A | |
| Attleboro, MA 02703 | |
| Board of Bar Overseers number 630025 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $..........
2. Total Doctor expenses .............................................. $..........
3. Total chiropractic expenses ........................................ $..........
4. Total physical therapy expenses .................................... $..........
5. Total other expenses (describe) .................................... $..........
   Subtotal $ 60,000
B. Documented lost wages and compensation to date ...................... $..........
C. Documented property damages to date ................................ $..........
D. Reasonably anticipated future medical and hospital expenses ......... $ 40,000
E. Reasonably anticipated lost wages .................................. $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Sexual harassment

TOTAL $ 100,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1-25-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                         SUPERIOR COURT DEPT. OF THE
                                                     TRIAL COURT
                                                     CIVIL ACTION NO. BRCV 2005-00083B

DENISE FERNANDES
    Plaintiff,
                                                     NOTICE TO COUNSEL OF
v.                                                   REMOVAL OF ACTION
                                                     TO FEDERAL COURT
G&K SERVICES,
    Defendant.

TO:    David R. Ardito, Esquire
        Bates Building, Suite 215A
        7 North Main Street
        Attleboro, Massachusetts 02703

       PLEASE TAKE NOTICE that Defendant G&K Services, Inc., in the above-captioned matter, has on the ___ day of February 2005 filed in the United States District Court of the District of Massachusetts, its Notice of Removal of the above-styled action from the Superior Court, Bristol County, Taunton, Massachusetts, (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Bristol County, Taunton, Massachusetts.

       You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Bristol County, Taunton, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

       Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

Respectfully submitted,

G&K SERVICES,

By its attorneys

*[signature]*

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28th 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28th day of February 2005.

*[signature]*
Leah M. Moore

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION NO. BRCV 2005-00083B

DENISE FERNANDES
      Plaintiff,

v.

G&K SERVICES,
      Defendant.

NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

**05 10389 MEL**

TO:   Clerk
       Superior Court for Bristol County
       9 Court Street
       Taunton, Massachusetts 02780

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

G&K SERVICES,

By its attorneys

_____

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this ___ day of February 2005.

_____
Leah M. Moore

2