**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DENISE FERNANDES<br>    Plaintiff,<br><br>**v.**<br><br>G&K SERVICES<br>            Defendant. | CIVIL ACTION NO. 05 – 10389 MEL |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Defendant G&K Services, Inc.[1] ("G&K") hereby submits the following memorandum in support of its Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff, Denise Fernandes ("Fernandes" or "Plaintiff"), a former employee of G&K, claims that she has been discriminated against and constructively discharged as a result of her gender in violation of M.G.L. c. 151B. The Complaint in this matter was filed on or about January 21, 2005.

Defendant denies these claims. Moreover, as grounds for this Motion, and as set forth more fully herein, Defendant states that Plaintiff's Complaint must be dismissed in its entirety as it fails to state a claim upon which relief can be granted because Plaintiff has exceeded the three year statutory filing deadline and has failed to exhaust her administrative remedies.

---

[1] Plaintiff incorrectly refers to G&K Services, Inc. as G&K Services.

## **STATEMENT OF RELEVANT FACTS**[2]

G&K, a Minnesota corporation, operates a regional office in North Attleboro, Massachusetts. (*See* Complaint at ¶ 2). According to Plaintiff, she worked for G&K at its North Attleboro location from April 1999 until October 2001 as an office manager. (*See* Complaint at ¶¶ 3, 20).

In or about July 2001, Plaintiff allegedly contacted a G&K human resources representative to complain that the North Attleboro plant manager was violating the sexual harassment policy by asking new applicants for a date while he was in the process of hiring them. (Complaint at ¶¶ 6-7). According to Plaintiff, despite her complaint, the plant manager continued to ask female employees for dates. (Complaint at ¶ 10). Plaintiff alleges that she again complained; however this time she contacted G&K's regional human resources office. (*See* Complaint at ¶ 11).

Plaintiff alleges that the sexual harassment continued. (*Id.*) In or about August 2001, Plaintiff contends that she began to experience a hostile work environment because of her alleged complaints to various G&K human resources personnel. (*See* Complaint at ¶ 12). She contends that male employees would whistle at her in the plant manager's presence without reprimand from the plant manager and that a male employee referred to two women who worked in the office as "baby." (*See* Complaint at ¶¶ 14-15). Plaintiff asserts that G&K's failure to remedy the harassing environment caused her constructive discharge in October 2001. (*See* Complaint at ¶ 20).

---

[2] Defendants admit those facts alleged in Plaintiff's Complaint solely for purposes of the instant Motion.

**ARGUMENT**

I.      **Plaintiff's Complaint Fails to State a Claim for which Relief Can be Granted**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a claim where it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron*, 372 Mass. 96, 98 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true the allegations of the Complaint. *See Carreiro v. Rhodes Gill and Co., Ltd.*, 68 F.3d 1443, 1446 (1st Cir. 1995).  If the allegations as set forth in the Complaint are still insufficient, under any theory, to state a claim upon which relief can be granted, the defendant is entitled to dismissal of the Complaint. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *Brown v. Hot, Sexy, and Safer Productions, Inc.*, 68 F.3d 525, 530 (1st Cir. 1995), *cert. denied,* 516 U.S. 1159 (1996).

   A.      Plaintiff Failed to Meet the Statutory Deadline for Filing her Claim

Plaintiff alleges that the sexual harassment and hostile work environment she suffered ended with her constructive discharge in October 2001.  The Massachusetts state statute barring employment discrimination requires a complaining party to file suit within three years of the last act of discrimination. *See* M.G.L. ch 151 B§ 9.  As such, Plaintiff's deadline for filing a claim against Defendant for the alleged sexual harassment and hostile work environment she experienced was October 2004.  Because Plaintiff did not file an action based upon the alleged employment discrimination until January 2005, her claim is untimely and fails as a matter of law. *See id.*; *Campbell v. BankBoston*, 206 F.Supp.2d 70, 80 (D. Mass. 2002) (Lasker).

B.      Plaintiff Failed to Exhaust her Administrative Remedies

Plaintiff alleges that she suffered sexual harassment and a hostile work environment beginning in July 2001, resulting in her constructive discharge in October 2001.  At no time, however, did Plaintiff file a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") as required under M.G.L. ch. 151 B or with the Equal Employment Opportunity Commission ("EEOC") as required under Title VII of the Civil Rights Act of 1964.  Moreover, because a charge of discrimination, at the time Plaintiff alleges she was the subject of unlawful behavior, needed to be filed within six months or 300 days of the alleged act with the MCAD or EEOC, respectively, Plaintiff is now barred from raising a claim of employment discrimination that occurred between July and October 2001.  Accordingly, G&K is entitled to an entry of summary judgment "on grounds of failure to raise the issue before the appropriate administrative agencies, failure to file within the six month and 300 day limitations period, and failure to comply with the three-year state statute of limitations." *See Campbell v. BankBoston*, 206 F.Supp.2d at 80 (citing *Font v. New England Power Serv. Co.*, 239 F.3d 8, 12 n.3 (1st Cir. 2001) ("The Massachusetts cases make clear that the 151B charge of employment discrimination that is filed before the MCAD established the parameters of the claim in a subsequent civil action in Superior Court."); *Stephenson v. State St. Bank & Trust Co.,* 924 F.Supp. 1258, 1278 (D.Mass.1996) (failure to exhaust); M.G.L. ch. 151B, § 5 (six month limitations period)[3]; 42 U.S.C. § 2000e-5(e)(1) (300 day limitations period); M.G.L. ch. 151B, § 9 (three-year limitations period on a state law claim of discrimination)).

---

[3]   Chapter 151B currently mandates that a claim of unlawful discrimination must be brought within three hundred days of the alleged unlawful act.  *See* M.G. L. c. 151B, § 5.  However, this provision of Chapter 151B was amended to increase the statute of limitations for the mandatory administrative filing at the MCAD from six months to three hundred days, and the amendment applies prospectively.  *See* Chapter 223 of the Acts of 2002 (signed by Acting Governor Swift on

**CONCLUSION**

For the foregoing reasons, Defendant G&K Services, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice as Plaintiff has failed to state a claim upon which relied can be granted because her claim is time barred and she failed to exhaust her administrative remedies.

Respectfully submitted,

G&K SERVICES, INC.

By its attorneys

Date: March 7, 2005
_s/ Leah M. Moore_____
Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109
(617) 523-6666

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 7th day of March 2005.

_s/ Leah M. Moore_____
Leah M. Moore

---

August 7, 2002, and effective 90 days thereafter.