**Commonwealth of Massachusetts**
**County of Bristol**
**The Superior Court**

FILED
CLERKS OFFICE

CIVIL DOCKET#: **BRCV2005-00083-B**

2005 MAR 11 P 12:39

U.S. DISTRICT COURT
DISTRICT OF MASS.

RE: Fernandes v G & K Services

TO: FILE COPY

1:05cv10389
MEL

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **03/09/2005** the following entry was made on the above referenced docket:

**Case REMOVED this date to US District Court of Massachusetts**

Dated at Taunton, Massachusetts this 9th day of March, 2005.

Marc J. Santos,
Clerk of the Courts

Telephone: (508) 823-6588

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

MAS-20041213
lagejess

03/09/2005
03:39 PM

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

FILED
IN CLERKS OFFICE
2005 MAR 11 P 12:39
U.S. DISTRICT COURT
DISTRICT OF MASS

1:05cv10389 mel

## BRCV2005-00083
## Fernandes v G & K Services

| | | | |
|---|---|---|---|
| **File Date** | 01/25/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/09/2005 | **Session** | B - CtRm 2 - (Fall River) |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/25/2005 | **Answer** | 06/24/2005 | **Rule12/19/20** | 06/24/2005 |
| **Rule 15** | 06/24/2005 | **Discovery** | 11/21/2005 | **Rule 56** | 12/21/2005 |
| **Final PTC** | 01/20/2006 | **Disposition** | 03/21/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Denise Fernandes
48 Lexington Avenue
Attleboro, MA 02703
Active 01/25/2005

**Private Counsel 630025**
David R Ardito
Bates Bldg.
7 North Main Street, Suite 215A
Attleboro, MA 02703-3534
Phone: 508-431-2222
Fax: 508-431-2211
Active 01/25/2005 Notify

**Defendant**
G & K Services
21 Chestnut Street
North Attleboro, MA 02760
Served: 02/07/2005
Served (answr pending) 02/25/2005

**Other interested party**
FILE COPY
Active 01/25/2005 Notify

A True Copy By Photostatic Process
Attest:
[signature]
~~Deputy~~ Asst. Clerk of Courts

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/25/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/25/2005 | | Origin 1, Type B22, Track F. |
| 02/25/2005 | 2.0 | SERVICE RETURNED (summons): G & K Services, service made on February 07, 2005 (agent in charge service: Jeff Jordan) |
| 03/01/2005 | 3.0 | Notice for Removal to the United States District Court filed by G & K Services |
| 03/09/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/25/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One-trial Review | Event held as scheduled |

#1

FILED
CLERKS OFFICE
2005 MAR 11 P 12:39
U.S. DISTRICT COURT
DISTRICT OF MASS

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

TAUNTON DIVISION

BRISTOL, ss.

#805-0083

**DENISE FERNANDES,**
Plaintiff,

V

**G & K SERVICES,**
Defendant.

JAN 25 2005

**COMPLAINT**

1. The Plaintiff, Denise Fernandes, is an individual, residing at 48 Lexington Avenue, Attleboro, Massachusetts in Bristol County.

2. The Defendant, G & K Services, is upon information and belief, a corporation duly organized and existing under the laws of the state of Minnesota with a regional office located at 21 Chestnut Street in North Attleboro, Massachusetts 02760.

**COUNT I**

3. On or about April 19th, 1999, the Plaintiff was hired by the Defendant, G & K Services as an office manager.

4. The Plaintiff's starting salary was $34,000.00 per year and at the time that the Plaintiff vacated the position, the Plaintiff's salary had been increased to $40,000.00 per year.

5. The Plaintiff had an excellent record of outstanding loyalty and dedication to the employer.

6. On or about July 2001, the Plaintiff telephoned the Defendant's Human Resource Representative to place a complaint against a plant manager for violating the sexual harassment policy.

7. The Plaintiff complained that the Plant Manager was asking new applicants, who he was in the process of hiring, out on a date.

8. The Plaintiff alleges that the Plant manager's behavior continued even though the Plaintiff was promised that the General Manager would address the issue.

9. It became public knowledge that the Plant Manager would still comment about female employees and whenever possible, the Plant Manager would try to ask them out on dates.

10. On one occasion, the Plant Manager asked a male employee to translate to a non-English speaking woman that he wanted to have a date with her. This was done in the presence of the Plaintiff and when the Plaintiff complained about the Plant Manager's behavior, nothing was done.

11. On or about August 2001, the Plaintiff called the Regional Human Resource office with yet another complaint about how women were being treated and how the Defendant's own sexual harassment policy was being violated by the Plant Manager and some other male workers.

12. On or about August 2001, the Plaintiff began to notice that a hostile environment in the workplace existed from the Plaint Manager and other male co-workers. The Plaintiff alleges that this was the response to the Complaints that the Plaintiff made.

13. On or about August 2001, the Plaintiff, while attempting to speak to the Plant Manager, became the subject of unwelcome sexual remarks and actions made by male co-workers and the Plant Manager and nothing was done to stop the harassment.

14. On or about August 2001, while in the presence of the Plant Manager, the Plaintiff was whistled at by a male employee. As the Plaintiff attempted to walk away, several other male employees joined in by surrounding the Plaintiff and whistling at the Plaintiff while looking up and down. The Plant Manager did nothing to stop the behavior.

15. On or about the middle of August 2001, the plaintiff complained another time to the Regional Office about the sexual behavior and that one of the male Plant Personnel had referred to two of its female office persons as 'baby'. Further, the Plaintiff added that all of the sexual harassment in the Plant was unwelcome and violated the Plant Policy. The Plaintiff was never asked to attend any meetings and the whistling continued and the Plant Manager never reprimanded anyone.

16. On or about September 2001, the Plant Engineer notified the Plaintiff of an embarrassing incident that had sexual overtones, which was not welcome by the Plaintiff.

17. On or about September 2001, it was reported to the Plaintiff that the Plant Manager was called by the Plant Engineer to interview a female applicant. The Plant Supervisor was reported as asking on a two-way radio if the applicant had a boyfriend. The applicant had heard this comment and the Plaintiff once again complained to the Regional Office.

18. On or about October 2001, the Plaintiff called the Regional Office to see if they were going to resolve the problem of continued sexual harassment in the workplace; however, nothing was done.

19. On or about October 2001, during a telephone call from the Plaintiff to the Regional Office, it became clear that they did not wan to hear from the Plaintiff about the Complaints of sexual harassment any more.

20. On or about October 2001, the Plaintiff would no longer work under the conditions that were forced upon the Plaintiff. The Plaintiff was forced to leave the position with the Defendant due to the continued sexual harassment.

## COUNT II

21. The Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this complaint as set forth in full herein.

22. The Defendant, after being advised of sexual harassment, verbal abuse and the hostile working environment created by their agents, continued to allow their agent to act in this abusive manner.

23. The Plaintiff is a woman and as such she belongs to a protective class.

24. The Plaintiff was subject to unwelcome whistling, sexual comments being made in her presence, and the eying up and down in the presence of Management.

25. The harassment was based on sex.

26. The harassment affected a term condition or privilege of employment.

27. The employer knew of the harassment through the Plaintiff's complaints and failed to take prompt remedial actions.

28. The Plaintiff remained ready, willing and able to perform all duties under employment with the Defendant.

29. By the above conduct, the Defendant engaged in sexual harassment in the work place in violation of *M.G.L. Chapter 151B.*

**WHEREFORE**, the Plaintiff respectfully prays this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

1. Issue a declaratory judgement that the Defendant's acts polices, practices and procedures complained of herein, violated the Plaintiff's rights.

2. Order the Defendant to make the Plaintiff whole by ordering damages for loss of income and loss of fringe benefits.

3. Award damages for sexual harassment against the employer.

4. Order such other and further relief that this Court deems just and proper.

Dated: January 21, 2005

Respectfully submitted,
**DENISE FERNANDES,**
By and through her attorney,

David R. Ardito, Esq.
Bates Building, Suite 215A
7 North Main Street
Attleboro, MA 02703
508-431-2222
BBO# 630025

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S) B05-0083

**Trial Court of Massachusetts**
**Superior Court Department**
County: Bristol

PLAINTIFF(S) Denise Fernandes

DEFENDANT(S) G + K Services

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 1-508-431-2222
David R. Ardito
7 North Main St., Suite 215A
Attleboro, MA 02703
Board of Bar Overseers number 630025

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

JAN 2 5 2005

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ( X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $
2. Total Doctor expenses .......... $
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe) .......... $

**Subtotal** $ 60,000

B. Documented lost wages and compensation to date .......... $
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $ 40,000
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe) .......... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Sexual harassment

$

**TOTAL** $ 100,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 1-25-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| 01 | Services, labor and materials | (F) |
| 02 | Goods sold and delivered | (F) |
| 03 | Commercial Paper | (F) |
| 06 | Sale or lease of real estate | (F) |
| 12 | Construction Dispute | (A) |
| 99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| 03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| 04 | Other negligence-personal injury/property damage | (F) |
| 05 | Products Liability | (A) |
| 06 | Malpractice-medical | (A) |
| 07 | Malpractice-other(Specify) | (A) |
| 08 | Wrongful death,G.L.c.229,s2A | (A) |
| 15 | Defamation (Libel-Slander) | (A) |
| 19 | Asbestos | (A) |
| 20 | Personal Injury-Slip&Fall | (F) |
| 21 | Environmental | (A) |
| 22 | Employment Discrimination | (F) |
| 99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | |
|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A |
| E03 | Action against Commonwealth Municipality, G.L. c.258 |
| E05 | All Arbitration |
| E07 | c.112,s.12S (Mary Moe) |
| E08 | Appointment of Receiver |
| E09 | General contractor bond G.L. c.149,s.29,29a |
| E11 | Workman's Compensation |
| E14 | Chapter 123A Petition-SDP |
| E15 | Abuse Petition, G.L.c.209A |
| E16 | Auto Surcharge Appeal |
| E17 | Civil Rights Act, G.L.c.12,s.11H |
| E18 | Foreign Discovery proceeding |
| E96 | Prisoner Cases |
| E97 | Prisoner Habeas Corpus |
| E99 | Other (Specify) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| | | (F) | [X] Yes [ ] No |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting m[illegible] damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defen[illegible] together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall [illegible] the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages [illegible] may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

+ Summons

The Law Office of

*David R. Ardito*

Telephone (508) 431-2222
Facsimile (508) 431-2211

Bates Building
7 North Main Street, Suite 215A
Attleboro, Massachusetts 02703

January 25, 2005

Bristol County Superior Court
Taunton Division
Civil Clerk Department
9 Court Street
Taunton, MA 02780

JAN 25 2005

**HAND DELIVERED**

**In Re: Denise Fernandes v. G & K Services**

Dear Sir or Madam:

Please be advised that this office represents Denise Fernandes, Plaintiff in the above-entitled matter. Enclosed herewith for filing with the Court, please find a Complaint and Civil Action Cover Sheet relative to same, along with a check in the amount of $280.00 representing the filing fee and the issuance of one (1) Summons for Service upon the Defendant.

Thank you in advance for your kind attention to this matter.

Very truly yours,

David R. Ardito

DRA/ld
enclosures

A True Copy By Photostatic Process
Attest:
~~Deputy~~ Asst. Clerk of Courts

#2

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. BRCV 2005-00083 B

FILED
CLERKS OFFICE
2005 MAR 11 P 12:39
U.S. DISTRICT COURT
DISTRICT OF MASS

BRISTOL, SS SUPERIOR COURT
FILED
FEB 25 2005
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

[SEAL]

Denise Fernandes, Plaintiff(s)

v.

G & K Services, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :- x
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon David R. Ardito plaintiff's attorney, whose address is 1 North Main St., Suite 215A, Attle., MA 02703 an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 27th day of January, in the year of our Lord two thousand and five

Marc J. Santos, Esq.
*Magistrate*

**NOTICE TO DEFENDANT** — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

The Law Office of

*David R. Ardito*

Telephone (508) 431-2222
Facsimile (508) 431-2211

Bates Building
7 North Main Street, Suite 215A
Attleboro, Massachusetts 02703

February 23, 2005

Bristol County Superior Court
Taunton Division
Civil Clerk Department
9 Court Street
Taunton, MA 02780

**In Re: Denise Fernandes v. G & K Services**
**Civil Action No: BRCV 2005-0083 B**

Dear Sir or Madam:

Enclosed herewith for filing with the Court, please find one original Return of Service in the above-entitled matter.

Thank you for your kind attention.

Very truly yours,

David R. Ardito

DRA/ld
enclosure

A True Copy By Photostatic Process
Attest: [signature]
~~Deputy~~ Asst. Clerk of Courts

#3

**COMMONWEALTH OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2005 MAR 11 P 12: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

**BRISTOL, ss.**

**SUPERIOR COURT DEPT. OF THE TRIAL COURT**
**CIVIL ACTION NO. BRCV 2005-00083B**

**DENISE FERNANDES**
**Plaintiff,**

**v.**

**G&K SERVICES,**
**Defendant.**

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

BRISTOL, SS SUPERIOR COURT
MAR - 1 2005

TO: Clerk
Superior Court for Bristol County
9 Court Street
Taunton, Massachusetts 02780

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

G&K SERVICES,

By its attorneys

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28 day of February 2005.

Leah M. Moore

MORGAN, BROWN & JOY, LLP
ATTORNEYS AT LAW
200 STATE STREET
BOSTON, MASSACHUSETTS 02109-2605
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

LEAH M. MOORE

DIRECT DIAL (617) 788-5021
lmoore@morganbrown.com

February 28, 2005

MAR - 1 2

**FEDERAL EXPRESS**

Clerk's Office, Civil
Trial Court of Massachusetts
Superior Court Department
Taunton Division
9 Court Street
Taunton, MA 02780

Re: Denise Fernandez v. G&K Services
Civil Action No. BRCV 2005-00083B

Dear Sir or Madam:

Enclosed for filing please find Defendant's Notice of Filing of Notice of Removal to Federal Court with a certified copy of the Notice of Removal that was filed today in the United States District Court for the District of Massachusetts attached hereto.

Please contact me regarding the fees associated with providing the United States District Court for the District of Massachusetts with a certified or attested to copy of the Summons, Complaint, and any other docketed entries in this matter.

Thank you for your attention to this matter. If you have any questions, please call me.

Very truly yours,

Leah M. Moore

Enclosures
cc: Samia Haddad, Esq.
Laurence J. Donoghue, Esq. (w/o encls.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB 28 P 3:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

DENISE FERNANDES
Plaintiff,

v.

G&K SERVICES
Defendant.

MAR - 2005

Civil Action No.

NOTICE OF REMOVAL

05 10389 MEL

TO: The Honorable Judges of the
United States District Court
District of Massachusetts

Petitioner, G&K Services[1] (hereinafter "Defendant" or "G&K"), Defendant in the above entitled action, states:

1. Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Bristol County, Taunton, Massachusetts, in which said cause is now pending under the name and style, *Denise Fernandes, Plaintiff v. G&K Services, Defendant*, Civil Action No. BRCV 2005-00083B. Defendant G&K Services was served a Summons and a copy of a Complaint in this action on or about February 7, 2005. A copy of the Summons, Complaint, and Cover Sheet are attached hereto as Exhibit A. No other papers were served in this matter.

[1] Plaintiff has incorrectly named G&K Services, Inc. as G&K Services.

2. The above described action is one of which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

a. Diversity of Citizenship: The parties to this action are citizens of different states, and accordingly, there is diversity of citizenship.

i. Plaintiff Denise Fernandes is an individual resident of the State of Massachusetts. *See* Complaint at ¶ 1.

ii. Defendant G&K Services is a Minnesota Corporation with its principal place of business in Minnesota.

b. Amount in Controversy: The amount in controversy in this action is $100,000, exclusive of interest, fees, and costs which exceeds the monetary threshold of $75,000 as set forth under 42 U.S.C. § 1332(a). *See* Complaint at cover sheet.

3. Defendant is filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4. Defendant will file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Bristol County, 9 Court Street, Taunton, Massachusetts 02780, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

5. Defendant will serve written Notice to Opposing Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

WHEREFORE, Defendant G&K Services prays that the above action now pending

against it in the Superior Court for Bristol County, Taunton, Massachusetts be removed therefrom to this Court.

Respectfully submitted,

G&K SERVICES,

By its attorneys

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28th, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28 day of February 2005.

Leah M. Moore

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Denise Fernandes

**DEFENDANTS**
G&K Services

(b) County of Residence of First Listed Plaintiff: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Minnesota
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David R. Ardito, Bates Bldg., Suite 215A, 7 N. Main St., Attleboro, MA 02703/508-431-2222

Attorneys (If Known)
Laurence J. Donoghue; Leah M. Moore
Morgan, Brown & Joy
200 State Street, 11th Fl., Boston, MA 02108; 617-523-6666

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC Sec. 1441 et. seq.
Brief description of cause: employment discrimination - sexual harassment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Fernandes v. G&K Services

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. — *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ] NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ] NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ] NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ] NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [ ] NO [X]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [ ] Central Division [ ] Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [X] Central Division [ ] Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ] NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Leah M. Moore

ADDRESS Morgan, Brown & Joy, LLP, 200 State Street, 11th Floor Boston, MA 02109

TELEPHONE NO. 617-523-6666

A

(L.S.)

# COMMONWEALTH OF MASSACHUSETTS

Form #42

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. BRCV 2005-00083 B

[SEAL]

Denise Fernandes, Plaintiff (s)

v.

G & K Services, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :- x
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon David R. Ardito plaintiff's attorney, whose address is 7 North Main St., Suite 215A, Attle., MA 02703 an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 27th day of January, in the year of our Lord two thousand and five.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2/12/05

A TRUE ATTESTED COPY

BRISTOL COUNTY DEPUTY SHERIFF

Marc J. Santos, Esq.
Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

SSC 21

County of Bristol
**The Superior Court**

CIVIL DOCKET# **BRCV2005-00083-B**

RE: **Fernandes v G & K Services**

TO: David R Ardito, Esquire
Bates Bldg.
7 North Main Street, Suite 215A
Attleboro, MA 02703-3534

**TRACKING ORDER - F TRACK**

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/25/2005 |
| Response to the complaint filed (also see MRCP 12) | 06/24/2005 |
| All motions under MRCP 12, 19, and 20 filed | 06/24/2005 |
| All motions under MRCP 15 filed | 06/24/2005 |
| All discovery requests and depositions completed | 11/21/2005 |
| All motions under MRCP 56 served and heard | 12/21/2005 |
| Final pre-trial conference held and firm trial date set | 01/20/2006 |
| Case disposed | 03/21/2006 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in **CtRm 2 (Fall River) at Bristol Superior Court.**

Dated: 01/25/2005

Marc J. Santos
Clerk of the Courts

BY: Joseph T. Vincent / Peter R. Andrade
Assistant Clerk

Location: CtRm 2 (Fall River)
Telephone: (508) 672-4464

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2 wpd 435024 inidoc01 aguiarlua

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

BRISTOL, ss. TAUNTON DIVISION

**DENISE FERNANDES,**
Plaintiff,

V

**G & K SERVICES,**
Defendant.

C.A. NO: BRCV2005-00083-B

## COMPLAINT

1. The Plaintiff, Denise Fernandes, is an individual, residing at 48 Lexington Avenue, Attleboro, Massachusetts in Bristol County.

2. The Defendant, G & K Services, is upon information and belief, a corporation duly organized and existing under the laws of the state of Minnesota with a regional office located at 21 Chestnut Street in North Attleboro, Massachusetts 02760.

## COUNT I

3. On or about April 19th, 1999, the Plaintiff was hired by the Defendant, G & K Services as an office manager.

4. The Plaintiff's starting salary was $34,000.00 per year and at the time that the Plaintiff vacated the position, the Plaintiff's salary had been increased to $40,000.00 per year.

5. The Plaintiff had an excellent record of outstanding loyalty and dedication to the employer.

6. On or about July 2001, the Plaintiff telephoned the Defendant's Human Resource Representative to place a complaint against a plant manager for violating the sexual harassment policy.

7. The Plaintiff complained that the Plant Manager was asking new applicants, who he was in the process of hiring, out on a date.

8. The Plaintiff alleges that the Plant manager's behavior continued even though the Plaintiff was promised that the General Manager would address the issue.

9. It became public knowledge that the Plant Manager would still comment about female employees and whenever possible, the Plant Manager would try to ask them out on dates.

10. On one occasion, the Plant Manager asked a male employee to translate to a non-English speaking woman that he wanted to have a date with her. This was done in the presence of the Plaintiff and when the Plaintiff complained about the Plant Manager's behavior, nothing was done.

11. On or about August 2001, the Plaintiff called the Regional Human Resource office with yet another complaint about how women were being treated and how the Defendant's own sexual harassment policy was being violated by the Plant Manager and some other male workers.

12. On or about August 2001, the Plaintiff began to notice that a hostile environment in the workplace existed from the Plaint Manager and other male co-workers. The Plaintiff alleges that this was the response to the Complaints that the Plaintiff made.

13. On or about August 2001, the Plaintiff, while attempting to speak to the Plant Manager, became the subject of unwelcome sexual remarks and actions made by male co-workers and the Plant Manager and nothing was done to stop the harassment.

14. On or about August 2001, while in the presence of the Plant Manager, the Plaintiff was whistled at by a male employee. As the Plaintiff attempted to walk away, several other male employees joined in by surrounding the Plaintiff and whistling at the Plaintiff while looking up and down. The Plant Manager did nothing to stop the behavior.

15. On or about the middle of August 2001, the plaintiff complained another time to the Regional Office about the sexual behavior and that one of the male Plant Personnel had referred to two of its female office persons as 'baby'. Further, the Plaintiff added that all of the sexual harassment in the Plant was unwelcome and violated the Plant Policy. The Plaintiff was never asked to attend any meetings and the whistling continued and the Plant Manager never reprimanded anyone.

16. On or about September 2001, the Plant Engineer notified the Plaintiff of an embarrassing incident that had sexual overtones, which was not welcome by the Plaintiff.

17. On or about September 2001, it was reported to the Plaintiff that the Plant Manager was called by the Plant Engineer to interview a female applicant. The Plant Supervisor was reported as asking on a two-way radio if the applicant had a boyfriend. The applicant had heard this comment and the Plaintiff once again complained to the Regional Office.

18. On or about October 2001, the Plaintiff called the Regional Office to see if they were going to resolve the problem of continued sexual harassment in the workplace; however, nothing was done.

19. On or about October 2001, during a telephone call from the Plaintiff to the Regional Office, it became clear that they did not wan to hear from the Plaintiff about the Complaints of sexual harassment any more.

20. On or about October 2001, the Plaintiff would no longer work under the conditions that were forced upon the Plaintiff. The Plaintiff was forced to leave the position with the Defendant due to the continued sexual harassment.

## COUNT II

21. The Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this complaint as set forth in full herein.

22. The Defendant, after being advised of sexual harassment, verbal abuse and the hostile working environment created by their agents, continued to allow their agent to act in this abusive manner.

23. The Plaintiff is a woman and as such she belongs to a protective class.

24. The Plaintiff was subject to unwelcome whistling, sexual comments being made in her presence, and the eying up and down in the presence of Management.

25. The harassment was based on sex.

26. The harassment affected a term condition or privilege of employment.

27. The employer knew of the harassment through the Plaintiff's complaints and failed to take prompt remedial actions.

28. The Plaintiff remained ready, willing and able to perform all duties under employment with the Defendant.

29. By the above conduct, the Defendant engaged in sexual harassment in the work place in violation of *M.G.L. Chapter 151B.*

**WHEREFORE**, the Plaintiff respectfully prays this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

1. Issue a declaratory judgement that the Defendant's acts polices, practices and procedures complained of herein, violated the Plaintiff's rights.

2. Order the Defendant to make the Plaintiff whole by ordering damages for loss of income and loss of fringe benefits.

3. Award damages for sexual harassment against the employer.

4. Order such other and further relief that this Court deems just and proper.

Dated: January 21, 2005

Respectfully submitted,
**DENISE FERNANDES,**
By and through her attorney,

David R. Ardito, Esq.
Bates Building, Suite 215A
7 North Main Street
Attleboro, MA 02703
508-431-2222
BBO# 630025

COVER SHEET

County: Bristol

PLAINTIFF(S): Denise Fernandes

DEFENDANT(S): G + K Services

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: David R. Ardito, 7 North Main St., Suite 215A, Attleboro, MA 02703, 1-508-431-2222

Board of Bar Overseers number: 630025

ATTORNEY (if known):

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS

(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................... $
2. Total Doctor expenses ..................... $
3. Total chiropractic expenses ..................... $
4. Total physical therapy expenses ..................... $
5. Total other expenses (describe) ..................... $

Subtotal $ 60,000

B. Documented lost wages and compensation to date ..................... $
C. Documented property damages to date ..................... $
D. Reasonably anticipated future medical and hospital expenses ..................... $ 40,000
E. Reasonably anticipated lost wages ..................... $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Sexual harassment

TOTAL $ 100,000

## CONTRACT CLAIMS

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 1-25-05

B

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, ss.**

**SUPERIOR COURT DEPT. OF THE TRIAL COURT**
**CIVIL ACTION NO. BRCV 2005-00083B**

DENISE FERNANDES
Plaintiff,

v.

G&K SERVICES,
Defendant.

**NOTICE TO COUNSEL OF REMOVAL OF ACTION TO FEDERAL COURT**

TO: David R. Ardito, Esquire
Bates Building, Suite 215A
7 North Main Street
Attleboro, Massachusetts 02703

PLEASE TAKE NOTICE that Defendant G&K Services, Inc., in the above-captioned matter, has on the 8th day of February 2005 filed in the United States District Court of the District of Massachusetts, its Notice of Removal of the above-styled action from the Superior Court, Bristol County, Taunton, Massachusetts, (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Bristol County, Taunton, Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Bristol County, Taunton, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

Respectfully submitted,

G&K SERVICES,

By its attorneys

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28th 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28 day of February 2005.

Leah M. Moore

C

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, ss.**

**SUPERIOR COURT DEPT. OF THE TRIAL COURT**
**CIVIL ACTION NO. BRCV 2005-00083B**

**DENISE FERNANDES**
**Plaintiff,**

**v.**

**G&K SERVICES,**
**Defendant.**

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO: Clerk
Superior Court for Bristol County
9 Court Street
Taunton, Massachusetts 02780

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

G&K SERVICES,

By its attorneys

Laurence J. Donoghue (BBO No. 130140)
ldonoghue@morganbrown.com
Leah M. Moore (BBO No. 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: February 28th, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, David R. Ardito, Bates Building, Suite 215A, 7 North Main Street, Attleboro, MA 02703, by first-class mail this 28 day of February 2005.

Leah M. Moore

A True Copy By Photostatic Process
Attest:
~~Deputy~~ Asst. Clerk of Courts