UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENISE FERNANDES,           )
    Plaintiff,              )
                            )
V                           )      Civil Action No: 05-10389-MEL
                            )
G & K SERVICES,             )
    Defendants.             )

## PLAINTIFF'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### STATEMENT OF FACTS

The Plaintiff began her employment with the Defendant, in April 1999 at an annual salary of $34,000.00. She received many raises and by the time of her termination her salary was $40,000.00 per year. During her employment with the Defendant, she received numerous compliments and awards and never received a verbal or written reprimand.

The Plaintiff's problems began when she called the Regional Human Resource Representative to place a complaint against a plant manager who had asked a recent applicant out on a date. The Plaintiff's problems continued when she complained about being whistled at by some of the employees in the presence of the plant manager. Those employees also looked at her up and down, making the Plaintiff extremely uncomfortable. The Plaintiff was in shock when the manager did not reprimand those employees for their unwanted sexual conduct.

Another call was placed to Human Resources about the moral behavior in the plant. In the same conversation, the Plaintiff mentioned how one of the plant personnel addressed two of the women in the office as 'baby'. To the best of Plaintiff's knowledge and belief, nothing was ever done to cease the harassing activities.

On or about September 2001, the Plaintiff complained about the plant manager hiring a woman with no experience. That woman was referred to as "eye candy", which was also reported by the Plaintiff. At this time Human Resources seemed to put up a wall against the Plaintiff. A short time later, a young lady came to be interviewed for a position. The plant supervisor asked the plant engineer if the woman had a boyfriend. It became apparent that the issues of sexual harassment were not being handled.

After continuously attempting to address the issues of unwanted sexual conduct with Human Resources, the Plaintiff was treated differently. Further, the issues were never addressed by the Defendant, creating a hostile work environment, which forced the Plaintiff to a constructive termination.

## ARGUMENT

Plaintiff will agree with the definition of *Rule 12(b)(6)* of the Federal Rules of Civil Procedure requiring that dismissal of a claim where it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nader v. Citron, 372 Mass. 96, 98 (1972)* (quoting *Coley v. Gibson, 355 U.S. 41, 45-46 (1957)*. When reviewing a motion to dismiss under Rule 12 (b)(6), the Court must accept as true the allegations of the Complaint. See *Carreiro v. Rhodes Gill and Co., Ltd., 68 F.3d 1443, 1446 (1st Cir. 1995)*. If the allegations as set forth in the Complaint are still insufficient, under any theory, to state a claim upon which relief can be granted, the defendant is entitled to dismissal of the Complaint. See *Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)*; *Brown v. Hot, Sexy, and Safer Productions, Inc. 68 F.3d 525, 530 (1st Cir. 1995)*, *cert. Denied, 516 U.S. 1159 (1996)*

It is clear form the allegations set forth in the Plaintiff's Complaint that she was verbally and sexually harassed. The law is clear that uninvited sexual advances violates a Plaintiff's rights. Whether these violations were sufficient enough would be up to a trier of fact. Therefore, the Defendant's Motion to Dismiss should not be allowed.

The Massachusetts Commission Against Discrimination ("MCAD" or the "Commission") is the administrative agency in Massachusetts responsible for enforcing the Commonwealth's anti-discrimination laws, *G.L.c.151B, G.L.c.151C, G.L.c.272, §§ 92A, 98*, and *G.L.c.149, §105*.

*General Laws c.151B* allows for discrimination claims to be handled exclusively by the MCAD. Under a work-sharing arrangement with the Equal Employment Opportunity Commission (EEOC), the MCAD also processes cases arising under the federal anti-discrimination laws. Accordingly, a complainant who wishes to pursue and employment discrimination matter under both *G.L.c.151B* and federal law need file only one charge - either with the MCAD or with the EEOC - but must specify on the charge form that it is to be filed with the MCAD and check off the box indicating that the Complainant "also want[s] the charge filed with the EEOC."

In our case, the Plaintiff filed her charge with the Massachusetts Commission Against Discrimination on or about December 10, 2001. On her Charge of Discrimination she specified that it was to be filed with the MCAD *(MCAD Docket Number: 01BEM10989)* and she checked off the box indicating that the complainant 'also want[s] the charge filed with the EEOC."*(EEOC Charge Number: 16CA200574)* (See attached Exhibit #1).

The Commissions performed their investigations and on or about July 1, 2004, the MCAD issued it's Dismissal and Notification of Rights. (See attached Exhibit #2). Then, on or about October 28, 2004, the EEOC issued it's Dismissal and Notification of Rights (See attached Exhibit #3).

The EEOC dismissal states under it's "Notice of Suit Rights" that "*You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice or your right to sue based on this charge will be lost.*" According to the Notice of Suit Rights on the EEOC decision, the

Plaintiff's deadline to file her claim in federal or state court would have been January 29, 2005 since the decision was not received until October 31, 2004. The Plaintiff's attorney hand delivered the Complaint to the Court for filing and received a Civil Action Number confirming the filing, on January 25, 2005. Therefore, not only did the Plaintiff exhaust her administrative remedies, but the Complaint was filed timely.

## CONCLUSION

For the foregoing reasons, the Plaintiff prays this Honorable Court to Deny the Defendant's Motion to Dismiss and allow her claim to proceed in the United States District Court.

Dated: March 14, 2005

Respectfully submitted,
Denise Fernandes,
By and through her attorney,

David R. Ardito, Esq.
Bates Building, Suite #215-A
7 North Main Street
Attleboro, MA 02703
1-508-431-2222
BBO# 630025

### Certificate of Service

I, David R. Ardito, hereby certify that I have served a copy of the within Memorandum upon the Defendant by mailing first-class, postage pre-paid to counsel of record on this 14th day of March 2005 to Laurence Donoghue of Morgan Brown & Joy, LLP at 200 State Street in Boston, Massachusetts 02109.

# Exhibit 1

Case 1:05-cv-10389-MEL    Document 7    Filed 03/21/2005    Page 4 of 9

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER
- [ ] FEPA
- [x] EEOC

___MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION___ and EEOC
(State or local Agency, if any)

NAME (Indicate Mr., Ms., or Mrs.): MS. DENISE FERNANDES
HOME TELEPHONE NO. (Include Area Code): 508-222-7915
STREET ADDRESS: 48 LEXINGTON AVE.
CITY, STATE AND ZIP CODE: ATTLEBORO, MA 02703
COUNTY: BRISTOL

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: G&K SERVICES
NO. OF EMPLOYEES/MEMBERS: Over 25
TELEPHONE NUMBER (Include Area Code): 508-699-9555
STREET ADDRESS: 31 Chestnut Street
CITY, STATE AND ZIP CODE: North Attleboro, MA 02760

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
- [ ] RACE
- [ ] COLOR
- [x] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [ ] AGE
- [x] RETALIATION
- [ ] OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year): 11-26-01

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Please see attached Affidavit

DEC 10 2001

- [x] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

X _Denise Fernandes_

Date: 12/6/01    Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
X _Denise Fernandes_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 MAR 84    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY

**Exhibit 2**

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

7/2/04

**- DISMISSAL and NOTIFICATION of RIGHTS -**

| To: | David R Ardito, Esq. | Case: Denise Fernandes v. G & K Services |
| --- | --- | --- |
| | Law Offices of David R. Ardito | MCAD Docket Number: 01BEM10989 |
| | 228 County Street | EEOC Number: 16CA200574 |
| | Attleboro, MA 02703-3534 | Investigator: Kimberly Boyd |

Your complaint has been dismissed for the following reasons:

[ ]   The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]   Other (briefly state)

**- NOTICE of APPEAL -**

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Dorca I. Gomez
Investigating Commissioner

7-1-04
Date

cc: James F. Hanneman, Esq.

MCAD Docket Number 01BEM10989, Dismissal and Notification of Rights with Appeal Rights                                                                     Page   1

**Exhibit 3**

EEOC Form 161 (3/98)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Denise Fernandes<br>48 Lexington Street<br>Attleboro, MA 02703 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-00574 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3139 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

[signature]                                         OCT 28 2004

Robert L. Sanders,                                  (Date Mailed)
Area Office Director

Enclosure(s)

cc: G & K SERVICES
31 Chestnut Street
North Attleboro, MA 02760